_JjNORRIS, Chief Judge.
This case arises out of a one-vehicle accident that occurred in Lincoln Parish. The plaintiffs filed the instant tort suit for personal injury and wrongful death. All defendants answered, raising the defense of the exclusive remedy of workers’ compensation and later sought summary judgments based on that defense. The District Court granted summary judgment in favor of three defendants (the “Murphy” defendants) and dismissed all claims against them with prejudice; the plaintiffs appeal this portion of the judgment. However, the court declined to consider the summary judgment motions on behalf of two other defendants (the “Byrd” defendants), instead granting the plaintiffs’ motion to dismiss these, claims without prejudice; the Byrd defendants appeal this portion of the judgment. For the reasons expressed, we amend and affirm.

Factual and procedural background

The pleadings and summary judgment evidence show that all the parties are domiciled in Georgia. Defendant Michael Murphy owned a company called Mike Murphy Poultry Inc., d/b/a Hodge & Murphy Poultry. Murphy’s business was to catch “spent hens” at poultry farms and coordinate transportation to processing plants.[1] He contracted with various poultry farms in Louisiana and surrounding states to perform this work, catching spent hens and removing them from the owner’s premises. According to Murphy’s affidavit, he arranged with others, including defendant Michael Byrd, to hire chicken-catching crews. Murphy would find sellers, schedule trips for the crews, make sure trucks were available to carry the *1207 captured hens to processing, and pay the crew chief a stated amount per thousand hens caught. Byrd was responsible for hiring his crew members, providing their transportation to and from jobs, lodging, and any necessary | ^equipment to perform their work, and paying them. May 1997, Byrd purchased a Ford van to transport his crews.
On May 13, Byrd’s crew had checked into a motel room in Ruston, Louisiana, then driven to El Dorado, Arkansas, to catch spent hens, and were returning to Ruston to sleep during the day before proceeding to their next job in Arcadia. Driving south on U.S. 167, the van failed to negotiate a bend in the road, ran off the pavement and struck a tree. As a result of the accident, Curtis Bonds Sr. was killed, and Reginald Summerour and Vincent Wilkens were injured. Byrd also was severely injured.
The plaintiffs, Curtis Bonds Jr., individually and on behalf of his father’s estate, Summerour, and Wilkens filed the instant tort suit in Louisiana state court. The defendants included Byrd, their crew chief, and Permanent General Assurance Corp., his insurer (the “Byrd” defendants); Michael Murphy, Mike Murphy Poultry Inc., Hodge & Murphy Poultry, and Southern Hens Inc., one of the poultry farms involved (the “Murphy” defendants).[2]
Both the Byrd defendants and the Murphy defendants filed motions for summary judgment urging that the plaintiffs’ exclusive remedy lay in workers’ compensation, La. R.S. 23:1032.[3] Although it is not included in the instant record, all parties concede that shortly before the hearing on the motions for summary judgment, the plaintiffs filed a motion for voluntary dismissal of the suit without prejudice, La. C.C.P. art. 1671. After the hearing, the District Court denied the plaintiffs’ motion to dismiss without prejudice as to the Murphy defendants and granted those defendants’ motion for summary judgment. The court further found, however, that pursuant to Louisiana conflict of laws, La. C.C. art. 3544(1), ^Georgia law applied to the Byrd defendants because Byrd had caused the accident. The court therefore dismissed the plaintiffs’ claims against the Byrd defendants without prejudice and did not address the latter’s motion for summary judgment. The plaintiffs appeal the denial of their motion to dismiss without prejudice as to the Murphy defendants and the grant of the Murphy defendants’ motion for summary judgment. The Byrd defendants appeal the grant of the plaintiffs’ motion to dismiss without prejudice as to them and the denial of their motion for summary judgment.

Discussion: Summary Judgment

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. After a motion for summary judgment is made and supported, the adverse party is not permitted to rely on the bare allegations of his pleadings. La. C.C.P. art. 967; Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La.1986). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court’s decision. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2257 (La.2/29/00), 755 So.2d 226.
*1208 As noted, the District Court found that Georgia law applied to the Byrd defendants because Byrd caused the accident, while Louisiana law applied to the Murphy-defendants because they did not cause the accident, they are statutory employers, and Louisiana law governs work-related injuries that occur in the state. The plaintiffs argue that the Murphy defendants also caused the accident by Rmaking the work schedules too demanding, thus Georgia law should apply to everyone. The Byrd defendants urge that Byrd was not driving the van, did not cause the accident, was plaintiffs’ employer and thus Louisiana law should apply to everyone.[4]
Work-related accidents that occur within Louisiana are governed by Louisiana workers’ compensation law. Wade v. Consolidated Freight, 99-497 (La.App. 5th Cir.11/10/99), 749 So.2d 706 and citations therein; Rigdon v. Pittsburgh Tank & Tower Co., 95 2611 (La.App. 1st Cir.11/8/96), 682 So.2d 1803; Banks v. Carl Ott Poles & Piling Inc., 440 So.2d 803 (La.App. 1 Cir.1983), writ denied 444 So.2d 1244 (1984); Malone & Johnson, 14 La. Civil Law Treatise, § 404 (1994). The District Court was correct to apply Louisiana law to the plaintiffs’ claims against the Murphy defendants, but wrong to decline to do so against the Byrd defendants.
Under Louisiana law, workers’ compensation is the exclusive remedy that an employee may assert against his employer or fellow employees for work-related injury, unless he was the victim of an intentional act. La. R.S. 23:1032; Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208. As a general rule, an accident which occurs while an employee is traveling to and from work is not considered work-related. One exception to the rule occurs when the employer furnishes transportation as an incident to the employment agreement. Keith v. Gelco Corp., 30,022 (La.App.2d Cir.12/10/97), 705 So.2d 244; Scott v. Smith, 30,330 (La.App.2d Cir.4/8/98), 714 So.2d 7.
Independent contractors are treated as employees for purposes of the exclusive remedy if “a substantial part of the work time * * * is spent in manual labor by him in carrying out the terms of the contract.” La. R.S. 23:1021(6); Riles v. Truitt Jones Const., 94-1224 (La.1/17/95), 648 So.2d 1296. An individual performing manual labor pursuant to a contract with another is intended to be treated as an employee for workers’ compensation purposes and will be entitled to benefits by virtue of La. R.S. 23:1021; his employees are considered “statutory employees” under La. R.S. 23:1061 and entitled to comp benefits from the principal as long as the work they are doing is part of the principal’s trade, business or occupation. Denis Paul Juge, La. Workers’ Compensation, 2d Ed. § 7:6; Malone & Johnson, § 74. Un-disputably if Louisiana law applies, the plaintiffs are relegated to the exclusive remedy of compensation.
As noted, both the Murphy defendants and the Byrd defendants filed motions for summary judgment on grounds that they were entitled to the tort immunity of La. R.S. 23:1032. In support, the defendants filed summary judgment evidence which established that the plaintiffs were direct employees of Byrd and spent a substantial portion of their work time engaged in manual labor, thus insulating Byrd from tort liability. La. R.S. 23:1021(6); Locker v. Wilson, 536 So.2d 441 (La.App. 2d Cir.1988), writ denied 537 So.2d 210 (La.1989). The summary judgment evidence further showed that Murphy contracted with Byrd for the execution of work that was part of Murphy’s trade, business or occupation, thus making the plaintiffs Murphy’s statutory • employees. La. R.S. 23:1061 A; Crochet v. Westminster City Center Properties, 572 So.2d 720 (La.App. 4th Cir.1990). Upon this show *1209 ing, the burden shifted to the plaintiffs to adduce factual support for the existence of a genuine issue of material fact. However, the plaintiffs filed no opposition to the defendants’ motions, no objection, and no statement of uncontested facts. On this record we are constrained to find that both sets of defendants have shown they are entitled to judgment as a matter of law. La. C.C.P. art. 966 C(2). With respect to the Murphy defendants, the judgment will be affirmed. With respect to the Byrd defendants, summary judgment is appropriate.
| fiJudgment of voluntary dismissal
The plaintiff may obtain judgment dismissing his action without prejudice prior to any appearance of record by the defendant and upon payment of all costs. La. C.C.P. art. 1671. After the defendant makes an appearance, voluntary dismissal is within the trial court’s sound discretion. Id.; Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395; Oliver v. Davis, 95 1841 (La.App. 1 Cir. 8/12/96), 679 So.2d 462, writ denied 96-2267 (La.11/15/96), 682 So.2d 773. This discretion is not unbridled; a trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. Oliver v. Davis, supra, and citations therein. All defendants had obviously made a general appearance by answering and filing motions for summary judgment.
The plaintiffs urge that the District Court abused its discretion in failing to grant their motion for involuntary dismissal with respect to the Murphy defendants, and contend that the resulting judgment should have been without prejudice. For the reasons already discussed, however, these defendants’ motion for summary judgment was proper and the District Court did not abuse its discretion in granting it rather than the plaintiffs’ motion.[5]
Of course the District Court granted the plaintiffs’ motion for involuntary dismissal with respect to the Byrd defendants, and the latter contest this ruling arguing that they lost a just defense. For the reasons already discussed, under either state’s law the Byrd defendants made a prima facie showing that they are entitled to tort immunity. As such, under either state’s law the Byrd defendants |7have a defense. By granting the Motion to Dismiss Without Prejudice, the trial court did not deny the Byrd defendants a just defense, it merely required them to argue it in a Georgia court. However, the trial court erred in its choice of law analysis and the conclusion that the Byrd defendants were not entitled to tort immunity. Based on the showing made, the trial court erred in treating the defendants differently. In sum, it was an abuse of the trial court’s discretion to grant the plaintiffs’ motion to dismiss without prejudice as to the Byrd defendants and deny them a summary judgment that was properly raised and supported. The judgment will be amended accordingly.

Conclusion

For the reasons expressed, we amend the judgment to deny the plaintiffs’ motion for voluntary dismissal and to grant the summary judgment on behalf of the defendants, Michael Byrd and Permanent General Assurance Corp. The judgment is otherwise affirmed. Costs are assessed to the plaintiffs.
AMENDED AND AFFIRMED.

. A "spent" hen is one which has produced broilers for about 65 weeks. Because "spent” hens require different processing from broilers, they must normally be caught and carried to different facilities than for broilers.

. One additional defendant, Hodges Poultry, was dismissed by plaintiffs’ motion early in the proceedings. Two others, Peach State Trucking and B.G. Consultants, obtained summary judgment which the plaintiffs have not contested. Two unnamed insurers were also dismissed.

. Permanent General, Byrd's auto insurer, also asserted a policy exclusion.

. According to the State Police accident report, prepared by Trooper Almond, Byrd was driving the van at the time of the accident. However, every crew member, including Charles Chapman, stated in separate depositions that Chapman was driving.

. The plaintiffs also argue that the trial court erred in granting a motion to dismiss with prejudice as to the Murphy defendants. Based on the record, the trial court denied the plaintiffs’ Motion to Dismiss Without Prejudice as to the Murphy defendants and granted their Motion for Summary Judgment. By granting a motion for summary judgment, the trial court dismissed the action against the Murphy defendants with prejudice; it did not simply grant a Motion to Dismiss With Prejudice.