# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1013


**HAROLD LEE**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.**


**************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,547
HONORABLE MARY L. DOGGETT, DISTRICT JUDGE

************

## PHYLLIS M. KEATY
## JUDGE

************

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**L. Frederick Schroeder, II**
**Craig E. Frosch**
**Jason P. Wixom**
**Usry, Weeks & Matthews**
**1615 Poydras Street, Suite 1250**
**New Orleans, Louisiana 70112**
**(504) 592-4600**
**Counsel for Defendant/Appellee:**
       **William Earl Hilton**

**Steven Patrick Mansour**
**Attorney at Law**
**Post Office Box 13557**
**Alexandria, Louisiana 71315**
**(318) 442-4855**
**Counsel for Defendant/Appellee:**
       **Rapides Parish Police Jury**

**John Albert Ellis**
**Assistant Attorney General**
**Louisiana Department of Justice**
**130 DeSiard Street, Suite 812**
**Monroe, Louisiana  71201**
**(318) 362-5250**
**Counsel for Defendant/Appellee:**
      **State of Louisiana, through the**
      **Department of Public Safety and Corrections**

**S. Marie Johnson**
**Attorney at Law**
**Post Office Box 14103**
**New Iberia, Louisiana  70562**
**(337) 256-3055**
**Counsel for Plaintiff/Appellant:**
      **Harold Lee**

**KEATY, Judge.**

Plaintiff, Harold Lee, appeals from a grant of summary judgment in favor of the State of Louisiana, through the Department of Safety and Corrections (the DOC). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiff was an inmate committed to the custody of the DOC. As the end of his term of incarceration was approaching, Plaintiff requested, and was granted, permission to participate in a work release program administered by William Hinton, the then-Sheriff of Rapides Parish (Sheriff Hinton). Plaintiff was injured on September 10, 2006, while working for Lumber Investors, Inc., at one of its facilities located in Alexandria, Louisiana, as part of the work release program. According to his petition for damages, Plaintiff was unloading bundles of lumber with a forklift. Each bundle consisted of approximately ninety two by twelve boards held together with several straps or bands. He had cut the bands off the ends of one bundle and was cutting the middle band when within "a matter of seconds, several of the large, heavy boards came crashing down" on his right leg, fracturing it in several places. Plaintiff was hospitalized for thirteen days, during which time he underwent several surgeries.

As a result of his injuries, Plaintiff filed suit against the DOC; Rapides Parish, through the Rapides Parish Police Jury (the Police Jury); and Sheriff Hinton.[1] In January of 2010, the DOC filed a motion for summary judgment seeking to have Plaintiff's claims against it dismissed on the basis that, as a work release inmate,

---

[1]Plaintiff had originally named the Rapides Parish Sheriff's Office as a defendant; however, the trial court granted an exception of no cause of action brought by that entity and dismissed Plaintiff's case against it in a judgment dated January 29, 2007. Thereafter, Plaintiff filed a first supplemental and amending petition removing the Rapides Parish Sheriff's Office as a defendant and naming Sheriff Hinton as a defendant. Later, Plaintiff filed a second supplemental and amending petition to name "Rapides Parish, through the Rapides Parish Police Jury" in place of "Rapides Parish."

1

Plaintiff was not an employee of the State, but instead an employee of his private employer, Lumber Investors, Inc., whose exclusive remedy for any workplace injury was in workers' compensation.

Following a July 12, 2010 hearing, the trial court granted summary judgment in favor of the DOC, dismissing "all of Plaintiff's claims arising from the incident that occurred on or about September 10, 2006, that are the subject of the instant lawsuit" with prejudice.[2] All costs of the hearing were taxed to Plaintiff.

Plaintiff timely appealed and is before this court asserting two assignments of error. First, Plaintiff claims that the trial court erred in granting summary judgment in favor of the DOC because genuine issues of material fact remained regarding whether the DOC owed him a duty to protect him from the harm he suffered and whether that duty was breached. Second, Plaintiff asserts that the trial court erred in granting the exception of no cause of action asserted by the DOC in its motion for summary judgment.

## DISCUSSION

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is

_____

[2] The Police Jury and Sheriff Hinton both filed motions for summary judgment in February 2010 seeking to have Plaintiff's claims against them dismissed. By judgment dated May 6, 2010, the trial court granted summary judgment in favor of the Police Jury and Sheriff Hinton. That judgment is not at issue in this appeal.

2

favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

*Smith*, 639 So.2d at 751 (citations omitted).

> Duty is a question of law. The duty issue may be appropriate for resolution by summary judgment. However, summary judgment is proper, in such instances, only when it is clear no duty exists as a matter of law; and, the facts or credibility of the witnesses are not in dispute.

*Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716, pp. 2-3 (La.App. 3 Cir. 6/23/99), 742 So.2d 18, 20 (citations omitted). *See also Washington v. State, Dep't of Transp. and Dev.*, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47, *writ denied*, 95-2012 (La. 11/13/95), 664 So.2d 405.

The basis of DOC's motion for summary judgment was the holding of *Rogers v. Louisiana Department of Corrections*, 43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, *writ denied*, 08-1178 (La. 9/19/08), 992 So.2d 931. Marcus Rogers was an inmate incarcerated in the custody of the DOC and housed in the Webster Parish Jail. He was killed when a forklift that he was operating while working at Springhill Pallet Company (Springhill) as part of a work release program tipped over. Thereafter, a wrongful death and survivor action was filed on behalf of Rogers' two minor children against the DOC; the Webster Parish Sheriff's Office; Springhill; and Labor Finders, an employment service that had secured Rogers' employment with Springhill. The plaintiffs alleged that "the accident was caused by the gross negligence of the

defendants" in that they "failed to properly supervise the decedent to ensure that he was provided a safe work environment"; "failed to make certain that the decedent was employed in a position for which he was qualified"; and "failed to give the decedent the necessary training and supervision to avoid being placed in a position which created a substantial risk of death or great bodily harm to himself or others." *Id.* at 255.

Springhill filed a motion for summary judgment arguing that the plaintiffs' sole remedy was under the Louisiana Workers' Compensation Act (the WCA). The plaintiffs opposed the motion, asserting that genuine issues of material fact remained, such as "whether inmates can be considered employees of the defendants for the purpose of the exclusivity provisions of the WCA" and "whether the defendants acted intentionally by virtue of their negligence, thereby contributing to the decedent's injuries and allowing the plaintiffs to seek compensation for their damages outside the scope of the WCA." *Id.* at 255-56.

In analyzing the issues before it, the *Rogers* court noted the following:

> [Louisiana Revised Statutes] 15:711 authorizes the work release program for certain inmates and specifies that it is to be administered by the sheriff of the parish where the inmate is housed. Work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits.

*Id.* at 257 (citations omitted). The second circuit then determined that Springhill proved that it was Rogers' special employer and that the plaintiffs' exclusive remedy against it was in workers' compensation, thus reversing the trial court's denial of Springhill's motion for summary judgment. In response to the plaintiffs' claim that they had pled facts sufficient to entitle them to recover full tort damages against Springhill under the intentional acts exception of the WCA, the second circuit noted

4

that Rogers had advised his supervisor at Springhill that he had prior experience in operating a forklift and that his supervisor had observed Rogers' ability to do so before permitting him to perform that job. As such, the appellate court found that plaintiffs' allegations "simply do not rise to the level of an intentional act." *Id.* at 260.

Attached as an exhibit to the DOC's motion for summary judgment was a copy of Plaintiff's deposition that was taken on July 26, 2007. Therein, Plaintiff stated that he had requested participation in the work release program in order to "have some money to get myself established" once he was released from incarceration. The DOC noted in its motion Plaintiff's acknowledgment that he was receiving workers' compensation benefits in conjunction with the accident that is the subject of this lawsuit and that those benefits were the source of his income.

Plaintiff did not file a memorandum in opposition to DOC's motion for summary judgment. Nevertheless, an attorney did appear on his behalf at the July 12, 2010 hearing on the motion. According to the transcript from that hearing, Plaintiff's attorney argued that a question remained as to whether the DOC owed Plaintiff a duty to insure that he was working in a safe environment while participating in the work release program. In his brief to this court, Plaintiff contends that because the DOC was not his employer, it could not claim entitlement "to the protections of the exclusivity provisions of the workers' compensation scheme" if we were to determine that the DOC breached any duty owed to him.

We are cognizant of the fact that in *Rogers*, 982 So.2d 252, the DOC had been released from the lawsuit pursuant to an exception of no cause of action before the trial court ruled on Springhill's motion for summary judgment and, thus, the DOC

5

was no longer a party when the second circuit heard the appeal. Nonetheless, we are convinced that the principles enunciated in *Rogers* with regard to work release inmates not being employees of the State are applicable to the matter before us.

The cases cited by Plaintiff in support of his assertion that the DOC owes a duty to provide inmates with a safe place to work are distinguishable from the matter before us because the inmates in those cases were injured while working on the property of the penal institution where they were incarcerated rather than being injured while participating in a work release program. *See Brewington v. La. Dep't of Corr.*, 447 So.2d 1184 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1348 (La.1984) and *Reed v. State Dep't of Corr.*, 351 So.2d 788 (La.App. 1 Cir. 1977).

Plaintiff contends that the trial court erred in allowing the DOC to assert what he characterizes as a "defense of no cause of action" in the context of a motion for summary judgment. He offers no jurisprudence in support of this assertion. On the other hand, the DOC has cited numerous cases wherein appellate courts have affirmed various trial courts' grant of summary judgment regarding the issue of the exclusive remedy provisions of the WCA. *See, e.g., Broussard v. Smith*, 08-473 (La.App. 3 Cir. 12/3/08), 999 So.2d 1171; *Bonds v. Byrd*, 33,777 (La.App. 2 Cir. 8/23/00), 765 So.2d 1205; *Fox v. Commercial Union Ins. Co.*, 413 So.2d 679 (La.App. 3 Cir. 1982).

There is simply no question that a motion for summary judgment is an appropriate vehicle within which to raise the issue of the exclusive remedy provisions of the WCA. Further, duty is a question of law that may be resolved by summary judgment when neither the facts nor the credibility of witnesses are in dispute and when it is clear that no duty is owed as a matter of law. *Parish*, 742 So.2d 18.

Plaintiff's assignments of error lack merit. The trial court did not err in granting summary judgment in favor of the DOC and dismissing Plaintiff's claims against it.

**DECREE**

The judgment rendered on July 12, 2010 in favor of the State of Louisiana, through the Department of Safety and Corrections, dismissing Harold Lee's claims against it with prejudice is affirmed. All costs of this appeal are assessed against Harold Lee.

**AFFIRMED.**