THIBODEAUX, Chief Judge,
dissenting.
|!While I agree that the Department of Public Safety & Corrections owes no duty to ensure the safety of its inmates while performing work release at another facility, that duty may be assumed under certain circumstances. The facts surrounding this case support those other circumstances.
A “duty is a question of law that may be resolved by summary judgment when neither the facts nor the credibility of witnesses are in dispute and when it is clear that no duty is owed as a matter of law.” Lee v. State Dep’t of Pub. Safety & Corr., 10-1013, p. 6 (La.App. 3 Cir. 3/30/11), 60 So.3d 106, 110. Here, the facts are in dispute as to who had complete control, and it is not so clear that a duty is not owed. The depositions of Ronnie Futrell, Warden, and Thomas Thompson, Deputy Warden, were admitted into evidence. The deposition testimony, in my view, clearly indicates that the Department of Public Safety & Corrections would sometimes provide supervision for some of these inmates at issue. Thus, the Department of Public Safety & Corrections never abdicated complete control to the National Guard or to the Louisiana Military Department. Material facts exist with respect to whether, under the circumstances of this case, the Department of Public Safety & Corrections owed a duty to protect the injured inmate.
*389 For the foregoing reasons, I respectfully dissent.