# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-193


**VIDAL SKINNER, ET AL.**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 243,198
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**


**Andrew P. Texada**
**Stafford, Stewart & Potter**
**P.O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Charles F. Wagner, Jr., Sheriff of Rapides Parish**

**James "Buddy" Caldwell**
**Attorney General**
**Edward M. Campbell**
**Special Assistant Attorney General**
**1721 Washington St.**
**Natchitoches, LA 71457**
**(318) 560-3027**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **State of Louisiana, Department of Health & Hospitals**

Edwin Henry Byrd, III
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.
P.O. Drawer 1786
Shreveport, LA 71166-1786
(318) 221-1800
COUNSEL FOR DEFENDANT-APPELLANT:
    Red River Waterway Commission

James A. Peltier, Jr.
Dudley Debosier
1075 Government Street
Baton Rouge, LA 70802
(225) 379-3333
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Vidal Skinner
    Yolanda Skinner

B. Scott Andrews
Due, Price, Guidry, Piedrahita & Andrews, P.A.
8201 Jefferson Hwy.
Baton Rouge, LA 70809
(225) 929-7481
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Vidal Skinner
    Yolanda Skinner

S. Christie Smith, IV
Smith Bush, L.L.P.
Capital One Bank Building
934 3rd Street, 10th Floor, Suite 1003
Alexandria, LA  71301
(318) 445-6546
COUNSEL FOR PLAINTIFFS-APPELLANTS:
Vidal Skinner
Yolanda Skinner

Mark F. Vilar
Aaron L. Green
Vilar & Elliott, LLC
P. O. Box 12730
Alexandria, LA 71315-2730
(318) 442-9533
COUNSEL FOR DEFENDANT-APPELLANT:
    Cleco Power, LLC

**PICKETT, Judge.**

Cleco Power, LLC, appeals a judgment of the trial court granting summary judgment in favor of Charles F. Wagner, in his capacity as Sheriff of Rapides Parish, and dismissing all claims against Sheriff Wagner under the terms of La.Code Civ.P. art. 966(G). The plaintiffs, Vidal Skinner and his wife Yolanda, also appeal in order to preserve their rights against Sheriff Wagner in the event this court reverses the judgment of the trial court, but in their brief they pray that we affirm the trial court's judgment.

## STATEMENT OF THE CASE

On April 5, 2011, Vidal Skinner, an inmate at the Rapides Parish Detention Center, was assigned to work release duty for the Red River Waterway Commission (RRWC) at the Lake Buhlow Recreation Area in Pineville. While he was carrying a ten-foot-long metal conduit, the pole came in contact with an electrical line, causing Mr. Skinner to sustain severe injuries.

Mr. Skinner and his wife filed suit against the State of Louisiana,[1] the owner of the land, RRWC, which maintained the park and had custody of Mr. Skinner at the time of the accident, Sheriff Charles Wagner of Rapides Parish, and Cleco Power, LLC. The Sheriff filed a motion for summary judgment, alleging that there was no genuine issue of material fact that either he or his employees knew or should have known of any dangerous working conditions at the site where Mr. Skinner was injured. In the alternative, the Sheriff alleged that La.R.S. 15:708(H) provided statutory immunity in this case. Louisiana Revised Statutes 15:708(H) states:

---

[1] The plaintiffs originally sued the State through the Department of Recreation and Tourism. Later, they discovered that the Department of Health and Hospitals (DHH) was the record owner of the land and added DHH as a defendant.

A prisoner participating in any of the inmate labor programs authorized by this Section shall have no cause of action for damages against the sheriff or any parish or municipal authority conducting the program or supervising his participation therein, nor against any deputy, employee, or agent of such sheriff or parish or municipal authority, for any injury or loss suffered by him during or arising out of his participation in the program, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or the parish or municipal authority or the deputy, employee, or agent of the sheriff or parish or municipal authority. Nor shall liability be imposed on the sheriff or the parish or municipal authority or the deputies, employees, or agents of the sheriff or the parish or municipal authority for any injury caused by a prisoner participating in any of the inmate labor programs authorized by this Section unless the gross negligence or intentional act of the sheriff or any parish or municipal authority or the deputy, employee, or agent of the sheriff or the parish or municipal authority was a substantial factor in causing the injury. No provision hereof shall negate the requirement to provide a prisoner with necessary medical treatment as statutorily required.

The plaintiffs did not object to the dismissal of the Sheriff as a defendant as long as the trial court found he was not negligent, thus triggering the effects of La.Code Civ.P. art. 966(G), which states:

(1) When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or nonparty is not negligent, not at fault, or did not cause, whether in whole or in part, the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty nor shall the issue be submitted to the jury nor included on the jury verdict form. This Paragraph shall not apply when a summary judgment is granted solely on the basis of the successful assertion of an affirmative defense in accordance with Article 1005, except for negligence or fault.

(2) If the provisions of this Paragraph are applicable to the summary judgment, the court shall so specify in the judgment. If the court fails to specify that the provisions of this Paragraph are applicable, then the provisions of this Paragraph shall not apply to the judgment.

The state opposed the Sheriff's motion for summary judgment. It argued that the type of work performed by Mr. Skinner at the time of the accident is not

covered by the immunity statute, La.R.S. 15:708. It also argued that the Sheriff was negligent in failing to inspect the working conditions and provide proper training to the inmate.

Cleco and RRWC opposed the Sheriff's motion in part. They argued that there is no genuine issue of material fact that the Sheriff is not grossly negligent and thus statutorily immune from this suit. They alleged, however, that there is an issue of material fact about whether the Sheriff was negligent, and therefore the issue of the Sheriff's negligence should be presented to the trier of fact at trial, and the Sheriff's fault should be quantified.

The trial court granted summary judgment, finding there was no evidence in the record that the Sheriff breached any duty to Mr. Skinner. The judgment specifically stated that the judgment is based on a finding of no negligence and the provisions of La.Code Civ.P. art. 966(G) apply. The state, RRWC, and Cleco appealed that judgment. Mr. Skinner and his wife also appealed, arguing the judgment should be affirmed, but reserving their right to proceed against the Sheriff if the judgment is reversed.

## ASSIGNMENTS OF ERROR

On appeal, the state, through DHH, asserts two assignments of error:

1. It was error for the trial court to grant the Sheriff's motion for summary judgment with a finding that there were no issues of fact regarding the fault of the Sheriff in the causation of the damages that the parties have a right to have decided by a jury.

2. It was error for the trial court to grant summary judgment when there are material issues of fact as to the Sheriff's duties and breach thereof.

RRWC asserts two assignments of error:

1. It was error for the District Court to conclude that the Sheriff was not negligent where it was undisputed that there were checks by the Sheriff's Office, including at the building adjacent to where this accident occurred, and where plaintiffs contended that the electric line at issue was a hazard that the other defendants knew or should have known existed.

2. Whether there was evidence of negligence, but not adequate evidence of gross negligence, whether the judgment should have referenced La.Code Civ.P. art. 966(G).

Cleco asserts three assignments of error:

1. The trial court committed legal error when it granted summary judgment finding that there was an absence of evidence that the Sheriff owed any duty at all to the plaintiff, an inmate trustee participating in a work release program.

2. The trial court committed legal error when it failed to conduct a "duty risk" analysis before summarily finding the Sheriff was not negligent, barring any further consideration of the Sheriff's failures by the jury at trial.

3. The trial court committed legal error when it granted summary judgment holding that there is no evidence that the Sheriff breached any duty owed to the plaintiff when:

   i.   the Sheriff placed the plaintiff in the custody and control of RRWC employees who received zero training before being commissioned by the Sheriff;

   ii.  the RRWC employees who were commissioned by the Sheriff and who were responsible for supervising inmate trusties admitted they were not supervising the plaintiff at the time he was injured;

   iii. full-time Sheriff's employees made only "sporadic," "drive-by" visits to check on the untrained, RPSO commissioned RRWC employees and the inmates under their care and control;

   iv.  full-time Sheriff's employees <u>never</u> visited nor did they know the commissioned employees' and work release inmates' primary work area (the place where the plaintiff was injured) existed despite providing inmates to the RRWC for approximately twenty years prior to the accident at issue;

4

v.   the Sheriff never inspected the plaintiff's primary work area to ensure this inmate was working in a reasonably safe environment; and

vi.  the Sheriff did not provide any warnings or conduct any safety training to the plaintiff prior to releasing him to work at the facility where the injury occurred.

The plaintiffs ask that we affirm the judgment of the trial court, but, in the event we reverse the trial court's judgment, they adopt the arguments of the remaining defendants.

## DISCUSSION

Appellate courts review summary judgments de novo using the same criteria as the trial court to determine if summary judgment is appropriate. *Firmin v. Firmin*, 13-401 (La.App. 3 Cir. 10/9/13), 123 So.3d 906. Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). The party opposing summary judgment must produce competent evidence setting forth specific facts that there is a genuine issue for trial; he cannot rely on mere allegations or denials. La.Code Civ.P. art. 967(B).

> Louisiana courts resolve most negligence cases by employing a duty/risk analysis, under which a plaintiff must prove five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard of care; (2) whether the defendant's conduct failed to conform to the appropriate standard of care; (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) whether the plaintiff was damaged. *S.J. v. Lafayette Parish School Board*, 2009-2195, p. 8 (La.7/6/10); 41 So.3d 1119, 1125; *Brewer v. J.B. Hunt Transport, Inc.*, 2009-1408, p. 14 (La.3/16/10); 35 So.3d 230, 240; *Hanks v. Entergy Corp.*, 2006-477, p. 20-21 (La.12/18/06); 944 So.2d 564, 579. "The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Hanks*, 2006-477, p. 21; 944 So.2d 564.

*Milbert v. Answering Bureau, Inc.*, 13-22, p. 15 (La. 6/28/13), 120 So.3d 678, 687-88.

A jailer has an obligation to provide a reasonably safe place for inmates to work, but he is not obliged to insure the safety of inmates. *Brewington v. La. Dep't of Corr.*, 447 So.2d 1184 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1348 (La.1984). In this case, the other defendants raise primarily three duties that the Sheriff allegedly owed to Mr. Skinner. The first is a duty to inspect the particular location where Mr. Skinner was located and notice the alleged defectively-installed exposed power line. We have held that a sheriff does not have a duty to insure a safe environment for inmates working off prison grounds. *Lee v. State, ex rel. Dep't of Pub. Safety & Corr.*, 10-1013 (La.App. 3 Cir. 3/30/11), 60 So.3d 106. We find that the Sheriff did not have a duty to inspect the entirety of the area where Mr. Skinner worked in search of defects. The parties dispute whether any sheriff's deputy who made visits to the site visited the barn where Mr. Skinner sometimes

6

worked, or whether they knew of the area behind the barn where the accident occurred, we find this is not a material fact.

The second duty the remaining defendants allege the Sheriff owed to Mr. Skinner is the duty to properly train Mr. Skinner about workplace safety, including the dangers of horseplay. We find the Sheriff did not have such a duty. Neither the Sheriff nor his employees were not on site and did not supervise the daily activities of inmates at the worksite. The Sheriff did not assign the manual labor tasks. Finally, the remaining defendants allege the Sheriff did not properly train the RRWC employees who had a special limited commission from the RPSO for the purpose of supervising the inmates. We find the contract is clear about the duties of the RRWC employees to supervise the inmates under their charge at all times, and any further training would not have prevented this particular accident.

We further note that imposing any of these duties on the Sheriff in this case would have a detrimental effect on the ability of any sheriff to allow inmates to participate in work programs outside the jail for other public entities. The cost of expanded training and inspections of facilities would be prohibitive.

We find the trial court was correct when it found the Sheriff did not have a duty to protect Mr. Skinner from the particular harm he suffered. The trial court properly granted the motion for summary judgment pursuant to the terms of La.Code Civ.P. art. 966(C).

## CONCLUSION

The judgment of the trial court is affirmed. The costs of this appeal in the total amount of $3,517.50 are assessed one-third to the state, through DHH, one-third to RRWC, and one-third to Cleco.

**AFFIRMED.**

7