NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1128

KAYLA ARCENEAUX

VERSUS

LAFAYETTE GENERAL MEDICAL CENTER, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162378
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Derriel Carlton McCorvey
Harold D. Register, III
Attorneys at Law
P. O. Box 2473
Lafayette, La 70502
(337) 291-2431
COUNSEL FOR PLAINTIFF-APPELLANT:
      Kayla Arceneaux

 Holly McKay Descant
Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598
(337) 235-4576
**COUNSEL FOR DEFENDANT-APPELLEE:**
 Lafayette General Medical Center

**PICKETT, Judge.**

Kayla Arceneaux appeals the judgment of the trial court granting a motion for summary judgment filed by Lafayette General Medical Center (LGMC) and dismissing Ms. Arceneaux's medical malpractice claims.

## FACTS

Ms. Arceneaux alleges the staff at LGMC committed medical malpractice in two circumstances. Ms. Arceneaux's child died in her womb during a stay in the hospital, and, upon delivery, it was discovered that the child suffered from hydrocephalus. Ms. Arceneaux claims that the failure to monitor the child's fetal heart rate contributed to its death. After the delivery, during which Ms. Arceneaux was administered epidural anesthesia, she claims she could not feel her legs. Despite this, she claims the nursing staff at LGMC forced her out of her bed and she fell onto the floor, causing a neck injury.

Ms. Arceneaux filed a malpractice claim against LGMC and Dr. Bobby Nevils. Ms. Arceneaux's claims were submitted to a medical review panel. The three physicians on the medical review panel unanimously determined that there was no breach in the standard of care in Ms. Arceneaux's treatment. Despite this finding, Ms. Arceneaux filed a Petition for Damages in the district court alleging malpractice.

Following discovery, LGMC filed a motion for summary judgment. In support of its motion, LGMC introduced the decision of the medical review panel that found no breach in the standard of care. In her opposition to the motion for summary judgment, Ms. Arceneaux introduced her own affidavit and that of her mother, Dionne Francis. The hearing on the motion for summary judgment was held on May 1, 2017. Before hearing arguments on the motion for summary judgment, the trial court determined that Ms. Arceneaux could not prevail without

expert testimony. On its own motion, the trial court granted Ms. Arceneaux ninety days to produce an expert report to support her claim that the hospital breached the standard of care.

LGMC filed an application for supervisory writs with this court, arguing that the trial court was required to determine the merits of the case based on the evidence before it, and could not on its own motion grant a continuance for Ms. Arceneaux to produce an expert's report supporting her position. This court granted LGMC's application for supervisory writs. *Arceneaux v. Lafayette General Medical Center*, 17-516 (La.App. 3 Cir. 7/26/17), ___ So.3d ___. We found that the trial court abused its discretion in granting an extension *sua sponte* rather than ruling on the merits of the motion for summary judgment. The case was remanded to the trial court to rule on the motion for summary judgment based on the filings in the record as of May 1, 2017.

The trial court heard the case on remand on September 18, 2017. Three days prior, Ms. Arceneaux filed a motion for extension of time to file an expert report. At the hearing, the trial court denied the motion to extend time, finding that this court's ruling was clear that it must consider the evidence before it as of May 1, 2017, at which time there was no expert report. The trial court granted LGMC's motion for summary judgment and dismissed Ms. Arceneaux's medical malpractice claim in a judgment dated October 16, 2017.

Ms. Arceneaux now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Arceneaux asserts two assignments of error:

1. The trial court erred when it found that no genuine issue of material facts existed although the affidavits of both Kayla Arceneaux and Dionne Francis clearly present sufficient summary judgment evidence to preclude summary judgment herein.

2.   The trial court erred, in the interests of justice, when it did not allow the plaintiff an extension of time to introduce an expert's report.

## DISCUSSION

On appeal, we review a judgment granting a motion for summary judgment de novo, using the same standard as the trial court. *Firmin v. Firmin*, 13-401 (La.App. 3 Cir. 10/9/13), 123 So.3d 906. A defendant who does not bear the burden of proof at trial need only show "the absence of factual support for one or more elements essential to the adverse party's claim" to successfully support its motion for summary judgment. La.Code Civ.P. art. 966(D)(1). The burden of proof then shifts to the non-moving party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

To prevail in a medical malpractice case, the plaintiff must show the standard of care applicable to the defendant, that the defendant breached that standard of care, and that the breach caused an injury to the plaintiff. La.R.S. 9:2794(A). LGMC argues that Ms. Arceneaux has failed to prove that there was a breach in the standard of care owed by the hospital to Ms. Arceneaux. To support their claim, LGMC introduced the report of the medical review panel, in which three physicians specifically found no breach in the standard of care owed to Ms. Arceneaux. To defeat summary judgment, then, the burden shifts to Ms. Arceneaux to produce some evidence that LGMC did breach the standard of care. The trial court found that the affidavits of Ms. Arceneaux and Ms. Francis were insufficient evidence. We agree.

In *Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228, the supreme court held that expert testimony is not always required for a

3

plaintiff to prove medical malpractice. In reaching this conclusion, the supreme

court stated:

> Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence. *See Hastings v. Baton Rouge Gen. Hosp.*, 498 So.2d 713, 719 (La.1986). Failure to attend a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary are also examples of obvious negligence which require no expert testimony to demonstrate the physician's fault. *See id.* at 719-20. Likewise, where the defendant/physician testifies as to the standard of care and his breach thereof, *see, e.g., Riser v. American Medical Int'l Inc.*, 620 So.2d 372, 377 (La.Ct.App. 5th Cir.1993), or the alleged negligence consists of violating a statute and/or the hospital's bylaws, *see, e.g., Hastings*, 498 So.2d at 722 (violation of LSA-R.S. 40:2113.4 which imposes duty on a hospital to make emergency services available to all persons in the community without regard to income or insurance protection and hospital bylaws establishing duties for on-call physicians), expert testimony is also unnecessary to establish a malpractice claim.
>
> We hold that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. **Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794's requirements without medical experts**, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof. Even so, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant's fault and the injury alleged.

*Id.* at 1233-34 (emphasis added).

We find that this is not an instance where lay testimony is sufficient to show

a breach in the standard of care of the hospital. Ms. Arceneaux had a complicated

pregnancy, followed by delivery of her stillborn child. The effects of the

anesthesia on Ms. Arceneaux and the care provided to Ms. Arceneaux by the staff

4

at LGMC involve the sort of "complex medical and factual issues" that cannot be proven by lay testimony alone. Further, as the supreme court held in *Pfiffner*, Ms. Arceneaux must also be able to show that any injury was related to an alleged breach in the standard of care. Expert testimony will be required to prove this element of her claim. We find the trial court properly granted the motion for summary judgment filed by LGMC.

Further, we find no error in the trial court's denial of Ms. Arceneaux's motion to extend the time to introduce an expert report. The trial court, pursuant to the ruling issued by this court, determined that only evidence presented at the May 1, 2017 hearing would be considered. We find no abuse of discretion in that decision.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ms. Arceneaux.

**AFFIRMED.**