STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-571

EDWARD PERKINS

VERSUS

ROY O. MARTIN LUMBER CO., LLC, ET AL

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C-86,095
HONORABLE ERIC R. HARRINGTON, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

MOTION TO DISMISS DOC'S APPEAL GRANTED; MOTION TO DISMISS SHERIFF'S APPEAL DENIED; AFFIRMED IN PART AND REVERSED IN PART.

Amy, J., concurs in part, dissents in part, and assigns reasons.

Donna U. Grodner
Grodner Law Firm
2223 Quail Run, B-1
Baton Rouge, LA  70808
(225) 769-1919
ATTORNEY FOR PLAINTIFF/APPELLANT
    Edward Perkins

H. Bradfor Calvit
Eli J. Meaux
Provosty, Sadler, deLaunay, Fiorenza & Sobel
934 Third Street
P.O. Drawer 1791
Alexandria, LA  71309-1791
(318) 445-9377
ATTORNEY FOR DEFENDANT/APPELLEE
    William Earl Hilton, Sheriff of Rapides Parish

James D. "Buddy" Caldwell, Attorney General
Lauren I. White, Assistant Attorney General
Louisiana Department of Justice
Division of Risk Litigation
900 Murray Street, Suite B-100B
P.O. Box 1710
Alexandria, LA  71309
(318) 487-5944
**ATTORNEY FOR DEFENDANT/APPELLEE**
   State of Louisiana, through the Department of Public Safety and Corrections

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

This litigation arose from a Petition for Damages/Slip and Fall filed by Plaintiff, Edward Perkins. In the petition, Plaintiff alleged on March 21, 2012, he suffered a serious injury while participating in a work release program at the MARTCO plywood facility in Chopin, Louisiana. On that date, he was an inmate in the custody of the Louisiana Department of Corrections housed at the Rapides Parish Work Release Center.

According to Plaintiff, upon arriving at the MARTCO facility on the date in question, he was told by his supervisor to clean debris around the drop chute. To do so, Plaintiff had to drop to his knees to clean underneath. While getting back on his feet, he alleged he slipped on the wet floor and attempted to keep himself upright by grabbing a nearby cage. When he grabbed it, the cage was pulled down on top of Plaintiff and his head was trapped under the lift.

Named as defendants in the suit were the State of Louisiana, through the Department of Public Safety and Corrections (hereafter DOC), Sheriff William Earl Hilton, as the administrator of the Rapides Parish Work Release Center, and MARTCO, the work release employer. It was alleged by Plaintiff that either or both the Sheriff and/or the DOC breached a duty to provide Plaintiff with a safe workplace. At the same time suit was filed, Plaintiff filed a Motion to Proceed in Forma Pauperis, seeking pauper status to avoid having to pay the cost of court associated with the suit. The pauper motion is found in the record joined with an "order" and date stamped on March 8, 2013 by the Rapides Parish Clerk of Court. Although Plaintiff was out of prison at the time his suit was filed, he was at some point re-incarcerated and then released on September 23, 2014. The record does not show any action taken by the trial court on the pending March 2013 pauper

motion. However, counsel for Plaintiff received and paid court costs subsequent to the filing of the pauper motion when requested by the clerk's office.

Although Plaintiff was a DOC inmate assigned to the Rapides Parish Work Release Center and allegedly injured while working in that capacity, the district court in Rapides Parish found the injury did not arise out of a "condition of confinement" and transferred the case to Natchitoches Parish, the parish where the MARTCO plywood facility was located. No party objected.

On June 10, 2013, the Sheriff answered the petition, filing a general denial. The DOC also answered, asserting it had no authority over the Rapides Parish Work Release program. On April 27, 2014, the Sheriff filed a motion for summary judgment and for sanctions against Plaintiff. The Sheriff maintained Plaintiff's exclusive remedy was in workers' compensation. The Sheriff also argued he had no duty as a matter of law to provide a safe workplace while Plaintiff was working for a work release employer. A similar motion seeking summary judgment on behalf of DOC was filed on May 9, 2014.

After a hearing on the motions for summary judgment and motion for sanctions, the trial court granted summary judgment in favor of DOC and the Sheriff. The trial court also found the basis for Plaintiff's suit was frivolous and granted the Sheriff's motion for sanctions, awarding sanctions in the amount of $10,142.40.

Plaintiff filed a Motion and Notice of Appeal on August 4, 2014, which was granted on August 7, 2014. The Natchitoches Parish Clerk of Court sent Plaintiff the estimated costs for the record pursuant to La.Code Civ.P. art. 2126, but those costs were not paid. Following Plaintiff's release from prison on September 23, 2014, Plaintiff's counsel filed a second application for pauper status on October 8, 2014, which was denied by the trial court due to a lack of information in the application. This second pauper motion was in response to a revised estimate of

2

costs mailed to Plaintiff's counsel by the Natchitoches Parish Clerk of Court on October 1, 2014. The Sheriff filed a Motion to Dismiss Appeal on November 3, 2014, alleging Plaintiff failed to pay the required estimated costs. On December 1, 2014 (before the ruling on that motion), Plaintiff filed a motion to continue the Motion to Dismiss Appeal and a motion for an extension to pay appeal costs and/or to perfect pauper status. He also filed a third application for pauper status, contending he was not required to pay the costs of appeal set by the clerk of court because he was in fact a pauper. At the hearing, it was noted Plaintiff had filed a pending motion for pauper status in March of 2013 in Rapides Parish, prior to the transfer to Natchitoches Parish, which was not acted upon by any trial judge. A hearing on December 15, 2014 was held on the Motion to Dismiss Appeal, at which time the trial court granted the motion, finding the costs had not been paid. The trial court believed Plaintiff's prior pending pauper application in Rapides Parish had no effect on Plaintiff's pauper status in Natchitoches Parish, and concluded Plaintiff had never been adjudicated a pauper. A judgment reflecting that ruling was signed on December 18, 2014.

Plaintiff's pending December 1, 2014 pauper motion, filed before the dismissal of his appeal on December 18, 2014, and argued at the December 15, 2014 hearing, was granted by a different trial judge on January 20, 2015.[1] On January 5, 2015, Plaintiff filed a Motion and Notice of Appeal, requesting an appeal from the December 18, 2014 judgment which dismissed his previous appeal for failure to pay costs. Plaintiff's Notice of Appeal recited he desired to appeal the December 18, 2014 judgment "adjudicating various motions." That motion for appeal was granted on January 14, 2015.

On appeal, the Sheriff and DOC both filed Motions to Dismiss the Appeal from the December 18, 2014 judgment, alleging Plaintiff abandoned the second

---

[1] The Honorable District Judge Eric Harrington's term expired on January 1, 2015. He was replaced by the Honorable Desiree Dyess, who granted Plaintiff pauper status on January 20, 2015.

appeal by failing to brief any errors in the December 18, 2014 judgment. They assert Plaintiff "has only briefed the merits of the June 27, 2014 and July 24, 2014 judgments, [and] ignor[ed] the December 18, 2014 dismissal of his first appeal of those judgments."

At oral argument, counsel for Plaintiff acknowledged no assignment of error was being asserted against DOC; and, thus, no appeal was being pursued against DOC. In accordance with that admission, DOC filed a Motion to Dismiss, which this court hereby grants, dismissing Plaintiff's appeal of the trial court's grant of summary judgment dismissing his claims against DOC.

## I.    Sheriff's Motion to Dismiss Appeal.

The Sheriff also filed a Motion and Order to Dismiss Appeal with this court, asserting Plaintiff has only appealed the judgment rendered on December 18, 2014. That judgment granted the Sheriff's November 3, 2014 motion to dismiss the appeal from the prior judgments as abandoned for failure to pay fees for the preparation of the record pursuant to La.Code Civ.P. art. 2126.

The Sheriff argues:

> None of the rulings contained in the December 18, 2014 judgments have been assigned as errors in [Plaintiff's] current appeal of that judgment. Instead [Plaintiff] has simply ignored the trial court's December 18, 2014 judgment, dismissing his appeal of the dismissal of his claims and the imposition of sanctions against his attorney and has instead briefed the merits as if the December 18, 2014 judgment was granted in his favor. Accordingly, [Plaintiff] does not currently have a viable appeal of the merits or sanctions despite what his brief might imply.

Plaintiff has opposed the Sheriff's Motion to Dismiss, arguing in brief as follows:

> [Plaintiff] had a pauper motion pending at the time that he filed the notices of appeal. Upon his release, [Plaintiff] filed another pauper motion, which the trial court denied. [Plaintiff] then updated that pauper and had a pending motion for pauper at the time of the hearing on the motion to dismiss his appeal. The pauper motion was granted on the same date that the appeal was dismissed; therefore,

4

there was no longer any procedural impediment to the appeal and the record of the appeal was prepared and docketed.

In support of this argument, Plaintiff cites *Reed v. Columbia/HCA Info. Serv., Inc.*, 99-1315 (La.App. 5 Cir. 4/25/00), 761 So.2d 625, noting the appellate court there found where the appeal costs have been posted prior to the hearing on the motion to dismiss, the later payment satisfied the intent and purposes of La.Code Civ.P. art. 2126 and dismissal of the appeal for failure to timely pay the costs within twenty days was improper.

Of particular relevance, this court in *Lousiana Bd. Of Massage Therapy v. Fontenot*, 04-1525 (La.App. 3 Cir. 5/4/05), 901 So.2d 1232, discussed the purpose behind dismissing appeals for failure to pay costs as required by La.Code Civ.P. art. 2126:

> In *Pray v. First National Bank of Jefferson Parish*, 93-3027 (La. 2/11/94), 634 So.2d 1163, 1163, the supreme court explained the dual purpose of La.Code Civ.P. art. 2126:
>
>> The primary purpose of La.Code Civ.P. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because a motion was filed . . . immediately after expiration of the twenty-day period for paying the costs.

In *Louisiana Bd. Of Massage Therapy*, 901 So.2d at 1235, we recognized the necessity to allow dismissal of appeals in only the clearest of circumstances:

> In addition, it is important to recognize that appeals are favored and should be maintained when possible. "Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed." *Stadtlander v. Ryan's Family Steakhouses, Inc.*, 34,384, p. 2 (La.App. 2 Cir. 4/4/01), 794 So.2d 881, 885, *writ denied*, 01-1327 (La.6/22/01), 794 So.2d 790 (citations omitted).

5

In the present case, there was confusion over the granting of pauper status to Plaintiff. In fact, the record shows the first pauper status request was filed in March of 2013 when suit was initially filed. Although Plaintiff's counsel maintains she thought the pauper application had been granted, a review of the record shows nothing to indicate the pauper application was ever acted upon by any trial court.[2] Plaintiff argues, at the very least, he had a viable pending pauper motion up until the filing of his second pauper application on October 8, 2014, which was denied on October 15, 2014. Thus, Plaintiff essentially argues at the time the motions and notices of appeal were first filed on August 4, 2014 seeking to appeal the June 27, 2014 and June 24, 2014 judgments, Plaintiff pauper motion was pending and served to toll the time to pay costs.

Considering the confusion resulting from the Rapides Parish court's failure to act on the first pauper motion and the Natchitoches Parish clerk's failure to submit the pending pauper motion to the Natchitoches Parish judge for disposition without the filing of a new pauper motion and affidavit, combined with the overriding principal that maintaining appeals is strongly favored, we decline to grant the Sheriff's motion to dismiss this appeal.

**II.     Grant of Summary Judgment.**

Plaintiff misstates the burden placed on the Sheriff at the hearing on the motion for summary judgment. Plaintiff contended the burden was on the Sheriff to prove he is entitled to statutory immunity from suit under the Louisiana Workers' Compensation Act. However, because the Sheriff would not bear the burden of proof at trial, in a summary judgment proceeding he only had to show that no material fact existed as to at least one essential element of the non-movant's (Plaintiff's) claim. La.Code Civ.P. art. 966. The trial court found the

---

[2] The motion was filed with the petition when suit was first instituted in Rapides Parish. The pauper motion remained in the file without any action by the trial court prior to the transfer of the case to Natchitoches Parish. Although the pauper motion was forwarded along with the petition and other filings, the clerk of the Natchitoches court apparently declined to forward the filed pauper motion to the judge assigned in that parish believing it was necessary for Plaintiff to file a new pauper motion and affidavit.

6

Sheriff did so by establishing it had no duty to Perkins to keep him safe at his employment with MARTCO. Specifically, the Sheriff argued it only owed the general duty to protect a prisoner in its custody from harm. In support of this argument, the Sheriff cited this court's opinion in *Lee v. State, ex rel. Department of Public Safety & Corrections*, 10-1013 (La.App. 3 Cir. 3/30/11), 60 So.3d 106, *writ not considered*, 11-914 (La. 6/17/11), 63 So.3d 1030. The trial court found *Lee* controlled in this case, and based its judgment granting summary judgment and awarding sanctions on *Lee*.

In *Lee*, a DOC inmate was injured while working at Lumber Investors, Inc., as a participant of a work release program administered by the Sheriff of Rapides Parish. As a result, he filed suit against DOC, the Sheriff of Rapides Parish and the Rapides Parish Police Jury. DOC filed a motion for summary judgment seeking dismissal of the inmates' claims against it on the grounds that it was not the inmates' employer, and, thus, his sole remedy was against his private employer, Lumber Investors, Inc. While the inmate did not file a memorandum in opposition to DOC's motion, at the hearing, his attorney argued summary judgment should be denied because "a question remained as to whether the DOC owed Plaintiff a duty to insure that he was working in a safe environment while participating in the work release program." *Id*. at 109. After the trial court granted the motion, the inmate appealed asserting that "genuine issues of material fact remained regarding whether the DOC owed him a duty to protect him from the harm he suffered and whether that duty was breached." *Id*. at 107. In affirming the grant of summary judgment, this court relied on *Rogers v. Louisiana Department of Corrections*, 43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, *writ denied*, 08-1178 (La.9/19/08), 992 So.2d 931, which held that "work release inmates are not deemed to be employees of the state, but are considered employees of their private

7

employer and are entitled to workers' compensation benefits." *Lee*, 60 So.3d at 108-109, quoting *Rogers*, 982 So.2d at 257.

The court in *Lee* noted, while the State has a general duty to provide for inmate safety, it owes no duty to ensure that a private employer provides work release inmates with a reasonably safe workplace. The *Lee* court distinguished cases where the inmate had been injured "while working on the property of the penal institution where they were incarcerated rather than being injured while participating in a work release program." *Lee*, 60 So.3d at 109.

Similarly, this court in *Madison v. State of Louisiana, Department of Public Safety & Corrections, et al.*, 14-1067 (La.App. 3 Cir. 5/6/15), 164 So.2d 381, *writ denied*, held the state had not duty to ensure the safety of its inmates while they are performing work release at another facility. In *Madison* the inmate therein was injured while working for the Louisiana Military Department on its National Guard base, which was located on the same piece of property as the State prison where the inmate was incarcerated. Interestingly, two dissenting judges discussed whether the close proximity between the prison and the National Guard base created a factual issue as to whether a duty was owed by the State. Such a question is not present here, as Plaintiff was housed at the Sheriff's jail and employed by a private factory miles from the jail.

Plaintiff argues he was never an employee of MARTCO in the legal sense. This court in *Harrington v. Hebert*, 00-1548 (La.App. 3 Cir. 5/23/01), 789 So.2d 649, discussed the criteria for determining the existence of an employment relationship:

> [T]he right to control is the essence of the employer/employee relationship. See *Jordan v. Central Mgmt. Co.*, 99-748 (La.App. 3 Cir. 10/13/99), 745 So.2d 116; *Boswell v. Kurthwood Manor Nursing Home*, 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, *writ denied*, 95-50 (La.3/17/95), 651 So.2d 267. The right to control is evidenced by four primary factors: selection and engagement, payment of wages, power of dismissal, and power of control. *Boswell*, 647 So.2d

8

630. None of these factors alone is determinative of an employer/employee relationship. *Id*. Rather, the totality of circumstances must be considered. *Id*.

Plaintiff argues in brief "MARTCO did not pick out or select [Plaintiff] to be its employee, nor did [Plaintiff] select or voluntarily agree to work for MARTCO." This statement is not supported by the record. Similar to the plaintiffs in *Lee* and *Madison*, the Plaintiff voluntarily applied to the Work Release Program. He stated in his deposition he desired to be in the program to "pick up some [job] skills" and to better his "opportunity to have a job when [he] got out." Plaintiff underwent an interview process with MARTCO before his employment began, clearly evidencing MARTCO's authority to choose whether to select Plaintiff for employment. Plaintiff also acknowledged in his deposition that his interview was not guaranteed to lead to employment with MARTCO.

Further, the evidence establishes MARTCO paid Plaintiff for his labor. Although Plaintiff attempts to argue "his pay was tendered to work release" and "the Sheriff then apportioned some arbitrary portion of these monies to [Plaintiff]." To the contrary, the payment of wages to Plaintiff was in accordance with the procedure set forth in La.R.S. 15:711(D) and (E). Plaintiff provided labor to MARTCO, and was paid for that labor.

Plaintiff acknowledged in his deposition that MARTCO had the power to discipline or fire him for job misconduct. However, he argues on appeal that "the power of dismissal also carries with it the right to quit or refuse work," and Plaintiff maintains he did not have this right. As the Sheriff notes, there is nothing in the record to substantiate Plaintiff's claims that he could not refuse to work for MARTCO.

Further, Plaintiff's deposition testimony established MARTCO was solely in control of his work while on the premises. He stated the Sheriff's deputies merely drove him to the MARTCO plant and never went inside nor had any involvement

9

with his job duties. Once entering the plant Plaintiff was supervised only by MARTCO employees.

Thus, we find no error on the trial court's part in finding the record established MARTCO, not the Sheriff or DOC, was Plaintiff's employer under the jurisprudential test set forth in *Harrington*. Arguments to the contrary by Plaintiff are not supported by the record. Plaintiff cites the case of *Jones v. Houston Fire & Casualty Ins. Co.*, 134 So.2d 377 (La.App. 3 Cir. 1961) to argue he could not be considered a MARTCO employee. However, this case offers no support for this proposition. *Jones* did not involve any outside employer, and merely involved whether an inmate performing labor *on prison grounds*, *for the prison*, could be considered an employee of the State.

We find no error on the trial court's part in granting the Sheriff's motion for summary judgment, and affirm that ruling.

### III.   Motion for Sanctions.

 Plaintiff next contends the trial court erred in awarding the Sheriff sanctions against Plaintiff's attorney under La.Code Civ.P. art. 863.[3] The trial court rendered reasons finding sanctions were warranted because Plaintiff's attorney continued to pursue the litigation "despite ample time within which to research the law and learn that the demands against the Sheriff and DOC lack merit." The trial court relied on this court's opinion in *Acosta v. B & B Oilfield Servs., Inc.*, 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263, wherein we affirmed an award of sanctions after the attorney continued to pursue litigation after he learned his position had no merit.

While we note a trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review, this court in *Bentley v. Fanguy*, 09-822 (La.App. 3 Cir. 10/6/10), 48 So.3d 381, *writ*

---

[3] Sanctions were only awarded to the Sheriff as DOC did not file a motion for sanctions.

10

*denied*, 10-2854 (La.2/25/11), 58 So.3d 457, discussed the "exceptional circumstances" which are required to impose sanctions under Article 863:

> Sanctions under Article 863 are precluded when there exists justification in the slightest for a party to exercise its legal right. *Dauzat v. Trinity Universal Ins. Co. of Kansas*, 95-1235 (La.App. 3 Cir. 3/6/96), 670 So.2d 785 (emphasis added).

> Our Fourth Circuit, in *Fairchild v. Fairchild*, 580 So.2d 513, 517 (La.App. 4 Cir.1991) (emphasis added) stated the following:

>> Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. See, *Gaiardo v. Ethyl Corporation*, 835 F.2d 479 (3rd Cir.1987), citing *Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N*, 832 F.2d 31 (3rd Cir.1987). Furthermore, [nothing] in the language of Rule 11 or Article 863 empowers the district court to impose sanctions on lawyers [or litigants] simply because a particular argument or ground for relief is subsequently found to be unjustified. *Gaiardo*, *supra*, citing *Golden Eagle Distributing Corporation v. Burroughs Corporation*, 801 F.2d 1531 (9th Cir.1986). Failure to prevail does not trigger a sanction award. *Gaiardo*, *supra*.

Although we find Plaintiff's counsel was somewhat stubborn in pursuing claims against the Sheriff and DOC after her client's deposition was taken, she sincerely believed the merit of her position. This differs from the facts presented in *Acosta*, where the trial court specifically found the plaintiff's attorney was aware he had no evidence to support the suit he filed. A fact Acosta's attorney acknowledged to the trial court. That is not the situation herein. Plaintiff's attorney zealously advocated the merits of her position on appeal, submitting a lengthy appellate brief and presenting an impassioned oral argument before this court. Though we find her position jurisprudentially unsupportable as a matter of law and jursiprudence, the question regarding the appropriateness of sanctions here does not rest entirely on this finding. Article 863 requires that the attorney or party who signs a pleading make an objectively reasonable inquiry into the facts and law. We believe Plaintiff's counsel, while ultimately incorrect in assessing the

11

merits of her client's case, made such an inquiry and we do not find the record establishes the exceptional circumstances needed for the imposition of sanctions.

Accordingly, we find that the trial court abused its discretion in sanctioning Plaintiff's counsel $10,142.40. Therefore, we reverse that portion of the trial court's judgment.

## DECREE

For the foregoing reasons, the Motion to Dismiss Appeal filed by DOC, and agreed to aby all parties, is granted. The Motion to Dismiss the Appeal filed by the Sheriff is denied. The judgment of the trial court granting summary judgment in favor of the Sheriff is affirmed. The judgment awarding sanctions against Plaintiff's attorney in the amount of $10,142.40 is reversed. Costs of this appeal are assessed equally to the Sheriff and Plaintiff.

**MOTION TO DISMISS DOC'S APPEAL GRANTED;MOTION TO DISMISS SHERIFF'S APPEAL DENIED; AFFIRMED IN PART AND REVERSED IN PART.**

12

NUMBER 15-571

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

EDWARD PERKINS

VERSUS

ROY O. MARTIN LUMBER CO., LLC, ET AL.

AMY, J., concurring in part, dissenting in part.

I agree with the majority in its granting of the motion to dismiss filed by the Department of Public Safety and Corrections.

However, I respectfully dissent from the remainder of the majority review as I would also grant the motion to dismiss filed by the Sheriff of Rapides Parish. Notably, the order of appeal in the present case arises from only the December 18, 2014 judgment of the trial court. That judgment addressed the State's and the Sheriff's motions to dismiss appeal as well as a denial of the plaintiff's motion for extension of time. However, the plaintiff only assigns as error the merits of the summary judgment and the imposition of sanctions, i.e., matters not covered by the scope of the judgment under review, and does not, in fact, address the subject matter of the December 18, 2014 judgment. Accordingly, in my view, the appeal, as taken by the plaintiff, has been abandoned per Uniform Rules—Courts of Appeal, Rule 2-12.4.

For these reasons, I concur in part, and dissent in part.