# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-146


**JAKE CHIMENTO**

**VERSUS**

**KDM ELECTRIC OF ALEXANDRIA, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,492
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.


**AFFIRMED.**


**Savoie, J, concurs and assigns reasons.**

**Donna U. Grodner**
**Grodner & Associates**
**2223 Quail Run, B-1**
**Baton Rouge, Louisiana  70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jake Chimento**

**Joshua P. Monteleone**
**Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.**
**Post Office Box 1786**
**Shreveport, Louisiana  71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **The Standard Fire Ins. Co.**
    **KDM Electric of Alexandria LLC**

**CONERY, Judge.**

Plaintiff, Jake Chimento, appeals the December 22, 2016 judgment of the trial court dismissing all claims against the remaining defendant KDM Electric of Alexandria, LLC (KDM), and its insurer, The Standard Fire Insurance Company (Standard), with prejudice and at Mr. Chimento's cost.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Mr. Chimento filed suit on May 20, 2013, claiming he suffered a heart attack and injuries resulting from electrocution and a subsequent fall from a ladder on September 25, 2012, while working for KDM as an inmate assigned to the Rapides Parish Work Release Center. He named the State of Louisiana, Department of Corrections (DOC), Sheriff William Earl Hilton, as the administrator of the Rapides Parish work release program, KDM, his employer, and its insurer, Standard.[2]

Mr. Chimento also filed a 1008 Disputed Claim for Compensation against KDM on July 13, 2013 seeking workers' compensation benefits as a result of the same accident. The Worker's Compensation Judge (WCJ) gave oral reasons for ruling on October 26, 2016, and a formal judgment was issued by the WCJ on November 9, 2016. The WCJ's judgment, which found in favor of KDM and Standard, is also on appeal by Mr. Chimento before this panel, docketed as CA - 17-147, and will be addressed in a separate opinion.

---

[1]On August 31, 2016, the trial court granted a joint motion of dismissal without prejudice, with each party bearing its own costs, submitted by Mr. Chimento and the State of Louisiana Department of Corrections (DOC). Also on August 31, 2016, the trial court issued judgment granting a joint motion of dismissal with prejudice, with Mr. Chimento bearing all costs, filed by Mr. Chimento and Sheriff William Earl Hilton.

[2]Mr. Chimento initially named Travelers Insurance Company as the insurer of KDM and Standard was later substituted as the proper party defendant.

On October 29, 2014, KDM filed its original motion for summary judgment.[3] KDM also filed identical motions for summary judgment on May 8, 2015, and May 2, 2016. KDM claimed that Mr. Chimento's negligence claims against both KDM and its insurer, Standard, were barred by the exclusivity provisions of the Louisiana Workers' Compensation Act. KDM's motion was supported by jurisprudence from this circuit in the case of *Lee v. State, ex rel. Dep't of Pub. Safety & Corr.*, 10-1013 (La.App. 3 Cir. 3/30/11), 60 So.3d 106, *writ not considered*, 11-914 (La. 6/17/11), 63 So.3d 1030. *Lee* involved not only an injury, but the death of an inmate while he was working in a work release program in Webster Parish, Louisiana.

The panel of this circuit in *Lee* granted the DOC's motion for summary judgment and cited the case of *Rogers v. La. Dep't of Corr.*, 43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, *writ denied*, 08-1178 (La. 9/19/08), 992 So.2d 931. More particularly, the *Rogers* court stated the following in its analysis of the issue of the status of an inmate working in a work release program:

> [Louisiana Revised Statutes] 15:711 authorizes the work release program for certain inmates and specifies that it is to be administered by the sheriff of the parish where the inmate is housed. Work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits.

*Id.* at 257.

KDM submitted in support of its motion for summary judgment a document entitled, "LOUISIANA DEPARTMENT OF PUBLIC SAFETY CORRECTIONS EMPLOYER'S TRANSITIONAL WORK PROGRAM AGREEMENT," in which KDM acknowledged that, "Any Department of Public Safety and Corrections

---

[3]The motions for summary judgment, all other motions filed, and actions taken by KDM in this case were also on behalf of its insurer Standard.

offenders in my employ will be covered by my insurance, and/or workmen's compensation insurance as required by law, including vehicle insurance when being transported to and from the job."  Additionally, KDM provided the "OFFENDER TRANSITIONAL WORK PROGRAM AGREEMENT," signed by Mr. Chimento on June 14, 2012, accepting his job with KDM under the terms of the work release program.

KDM further submitted in support of its motion for summary judgment the deposition of Mr. Chimento wherein he testified that he had been employed by KDM since February 21, 2011, as an electrician's helper at the rate of $8.25 per hour and received his paycheck directly from KDM.  Therefore, based on the documentation submitted in support of KDM's initial motion for summary judgment, there is no issue of fact that Mr. Chimento was considered an employee of KDM by virtue of both the jurisprudence of this circuit and the terms of his employment with KDM.

The record before this court demonstrates that the other two defendants, the DOC and Sheriff Hilton, also filed motions for summary judgment in this case. Those motions, as well as all discovery, were stayed by agreement of all counsel pending a decision on the writ to the supreme court in the case of *Perkins v. Roy O. Martin Lumber Co., LLC*, 15-571 (La.App 3 Cir. 4/6/16), 189 So.3d 531.  Writs were eventually denied in *Perkins v. Roy O. Martin Lumber Co., LLC*, 16-862 (La. 6/17/16), 192 So.3d 764.

The *Perkins* case also involved a claim by an inmate housed in the Rapides Parish Work Center who was injured while working for a private employer in conjunction with a work release program.  The *Perkins* panel determined that the plaintiff was an employee of the private employer in that case, MARTCO.  Further,

3

the panel affirmed the trial court's judgment granting summary judgment in favor of both the DOC and Sheriff Hilton, but reversed the sanctions sought by Sheriff Hilton and awarded by the trial court against the Plaintiff's attorney, who is also the attorney of record in this case.

The panel in *Perkins* reversed the trial court's imposition of sanctions against plaintiff's counsel as requested by Sheriff Hilton in the amount of $10,142.40, finding that although "[p]laintiff's counsel was somewhat stubborn in pursuing claims against the Sheriff and DOC after her client's deposition was taken, she sincerely believed the merit of her position." *Id.*, at 539. As previously stated, writs were denied in *Perkins*, 192 So.3d 764.

Correspondence in the record in this case reflects that counsel for KDM believed that counsel for Mr. Chimento had agreed to dismiss KDM with prejudice and at Mr. Chimento's cost based on the agreement of all counsel to postpone the June 27, 2016 hearing on the motions for summary judgment filed on behalf of all defendants and a cross-motion for summary judgment filed on behalf of the plaintiff, pending the ruling by the supreme court in *Perkins*. KDM's assertion is supported by its May 20, 2016 letter to Mr. Chimento's counsel wherein KDM agrees to stay the June 27, 2016 hearing on all motions for summary judgment in exchange for the agreement of Mr. Chimento's counsel to also dismiss KDM with prejudice and at Mr. Chimento's cost should the supreme court deny writs in *Perkins*.

Counsel for KDM also sent correspondence to the trial court on May 25, 2016, addressing Mr. Chimento's request for a continuance of the June 27, 2016 hearings. Counsel for KDM advised the trial court that Mr. Chimento's counsel had agreed that if the writ was denied in *Perkins*, she would dismiss the DOC and

4

Sheriff Hilton. However, according to Mr. Chimento, no such agreement had been made with KDM, and counsel for KDM sought legal clarification from Mr. Chimento's counsel of any issues that distinguished KDM from the other two defendants. As there had been no response from Mr. Chimento's counsel, KDM continued to oppose any continuance of the hearings fixed for June 27, 2016.

Mr. Chimento's counsel responded to KDM's May 20, 2016 letter on June 1, 2016, acknowledging that KDM will not agree to the continuance of the June 27, 2016 hearing unless KDM is also dismissed from the suit, along with the DOC and Sheriff Hilton, should the supreme court deny the writ in *Perkins*,[4]

> We are in receipt of your letter dated May 23, 2016 in which you agree to a stay of this matter on the condition that no further discovery is attempted or conducted **and that we immediately dismiss our claims against KDM with prejudice at our costs, in the event Writs are denied in the <u>Perkins</u> matter.** (emphasis added.)

The second paragraph of the June 1, 2016 correspondence also stated:

> We agree that no further discovery will be attempted or conducted. If Writs are denied in the <u>Perkins</u> matter, we will immediately dismiss our claims against the Sheriff and the State through the Department of Corrections without prejudice, each party bearing its own costs.
>
> Please advise if these terms are agreeable to each of you. Your professional courtesies in this matter are greatly appreciated.

The June 1, 2016 letter from Mr. Chimento's counsel is immediately followed in the record by a June 2, 2016 letter to the trial court from counsel for KDM, referencing KDM's May 25, 2016 letter to the trial court opposing the continuance of the June 27, 2016 hearings on all motions for summary judgment. Counsel for KDM advised the trial court:

---

[4]Although the June 1, 2016 letter references correspondence dated May 23, 2016 from counsel for KDM, the letter in question is actually dated May 20, 2016.

Plaintiff's counsel has now agreed to dismiss all claims against all defendants, including KDM and The Standard Fire Insurance Company, in the event her Writs to the Louisiana Supreme Court in a similar matter are denied (**Exhibit B**). Therefore, KDM, along with all parties, consents to the requested continuance of the June 27 hearing date.

The record reflects that there is no correspondence from counsel for Mr. Chimento to dispute the claim by counsel for KDM that an agreement had been reached between the parties. Further, had counsel for Mr. Chimento not agreed to dismiss KDM and Standard, it is clear from KDM's May 25, 2016 letter to the trial court that KDM would have maintained its objection to the continuance of the June 27, 2016 hearings.

The Louisiana Supreme Court denied the writ in *Perkins* on June 16, 2016, and subsequently both the DOC and Sheriff Hilton were dismissed from the underlying lawsuit on August 31, 2016, leaving KDM and is insurer Standard as the only remaining defendants. Thereafter, a series of correspondence and e-mails was exchanged between counsel for KDM and counsel for the plaintiff regarding the dismissal of KDM and Standard from the case based on KDM's agreement to postpone the June 27, 2016 hearing on the motions for summary judgment.

Eventually, on October 4, 2016, KDM filed a motion to compel dismissal, or in the alternative a rule to show cause to refix its motion for summary judgment. The trial court signed an order on October 5, 2016, setting a rule to show cause on October 31, 2016, for hearing on KDM's motion to compel dismissal, and KDM's request for costs and expenses, including attorney fees for the additional litigation involved in resolving the dispute between the parties over the dismissal of KDM.[5]

---

[5]Although the trial court did not specifically refix KDM's motion for summary judgment, it is clear that it had reviewed the record which contained KDM's motion for summary judgment, as well as the post-trial briefs submitted in Mr. Chimento's workers' compensation case.

Due to a death in her family, Mr. Chimento's counsel was unable to be present at the hearing set for October 31, 2016. In lieu of the hearing, the trial court held a conference call with both counsel "to discuss the issues and asked that the attorneys submit information to the court in lieu of a formal hearing." The trial court, in its written reasons issued December 2, 2016, referenced its discussion with counsel during the telephone conference that Mr. Chimento was "also pursuing recovery through worker[s]' compensation," and held:

> The Court has now reviewed the memorandums along with information concerning a pending claim within workers' compensation that take note of the concerns of OSHA compliance. The issue before the Court is whether the claims filed by the plaintiff should be dismissed based upon assertions that the matter would be dismissed following the *Perkins* writ decision.
>
> The Court has now reviewed the record of this matter along with post[-]trial briefs submitted in the worker[s]' compensation file. Part of the evidence reviewed and discussed with the attorneys is the exchange of letters between the parties prior to previous hearings set before this court.
>
> ....
>
> This case has been set before this Court on previous occasions with each continuance being granted based upon action within another case that had similar facts and circumstances. The *Perkins* matter has now received notice that the Writ was denied. The plaintiff is also pursuing recovery through worker[s]' compensation. As discussed at the time of the conference call, the Court is of the opinion that Mr. Chimento's claims are appropriately within workers' compensation jurisdiction, and it appears from the Post-Trial Briefs that all issues were raised including any OSHA compliance, therefore Chimento's suit within the 9th Judicial District Court should be dismissed.

The trial court signed an order granting KDM's motion to compel dismissal on December 2, 2016. The trial court further stated, "[p]laintiff's claims are actively and appropriately being resolved within the jurisdiction of worker[s]' compensation." A final judgment was issued on December 22, 2016, dismissing all of Mr. Chimento's claims with prejudice and assessing him with the costs of

court. It is from the December 22, 2016 judgment that Mr. Chimento has timely appealed.

## ASSIGNMENT OF ERROR

Mr. Chimento assigns the following error on appeal:

> The Trial court erred in finding Mr. Chimento's June 2, 2016, letter containing a counter offer was an acceptance of an offer/demand made by KDM on May 23, 2016.[6] An order enforcing settlement was legal error based upon the erroneous error of fact.

## LAW AND DISCUSSION

### Standard of Review

In *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, p. 8 (La. 12/8/15), 193 So.3d 1110, 1115-16, the supreme court reiterated the duty of appellate courts in a manifest error review and stated in pertinent part:

> In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Cenac v. Public Access Water Rights Ass'n*, 02-2660, p. 9 (La. 6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. Rather in reversing a trial court's factual conclusions with regard to causation, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993).

> This test requires a reviewing court to do more than simply review the record for some evidence, which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Parish Nat. Bank v. Ott*, 02-1562, pp. 7-8 (La. 2/25/03), 841 So.2d 749, 753-54. The issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the

---

[6]As previously stated, the letter of KDM was dated May 20, 2016.

judge's or jury's factfinding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973).

Errors of law, however, are reviewed *de novo*. *Foti v. Holliday*, 09-93 (La. 10/30/09), 27 So.3d 813. Accordingly, when reviewing an issue of law, we "render [] judgment based on the record without deference to the legal conclusions of the lower courts." *Id.* at 817

***Mr. Chimento's Assignment of Error***

Mr. Chimento argues that the trial court erred in finding "Mr. Chimento's June 2, 2016 letter containing a counter offer was an acceptance of an offer/demand made by KDM on May 23, 2016." As previously explained, KDM's letter of May 20, 2016, referenced as May 23, 2016, by counsel for Mr. Chimento, contained KDM's offer to consent to the stay of the motions for summary judgment fixed for June 27, 2016, if Mr. Chimento would dismiss KDM and Standard with prejudice and at his costs should the supreme court deny writs in *Perkins*. KDM also agreed to allow Mr. Chimento to reserve his claim for workers' compensation.

Counsel for Mr. Chimento argues that the first paragraph of the June 1, 2016 letter, referenced as June 2, 2016, in the assignment of error to this court, was not an acceptance of KLM's "offer/demand," and the trial court erred "in finding the parties had reached a settlement." Again, that the first paragraph of that letter clearly stated "**and that we immediately dismiss our claims against KDM with prejudice at our costs, in the event Writs are denied in the Perkins matter.**" (emphasis ours.) Counsel for Mr. Chimento asserts that her argument is bolstered by the wording of the **second** paragraph of her letter that she only intended to

9

dismiss the DOC and Sheriff Hilton if the supreme court denied the writ in *Perkins*, notwithstanding the clear wording in the first paragraph quoted above.

Moreover, KDM's June 2, 2016 correspondence to the trial court reflects the parties had reached an agreement, as discussed in both KDM's May 20, 2016 letter, and reiterated in the first paragraph of Mr. Chimento's June 1, 2016 letter that KDM and Standard would be dismissed if the writ in *Perkins* was denied by the supreme court. Therefore, the *quid pro quo* was that KDM and Standard would withdraw their objection to Mr. Chimento's request for a continuance of the June 27, 2016 hearings on all motions for summary judgment until after the supreme court's ruling in *Perkins*.

As previously stated, there is nothing in the record to indicate that counsel for Mr. Chimento objected or disagreed with KDM's representations to the trial court in its June 2, 2016 letter until the motion to compel dismissal was filed by KDM and Standard. The Louisiana Supreme Court had ruled against Mr. Chimento's legal position in *Perkins*, and the June 27, 2016 hearing dates had long since passed. Clearly, under the law, Mr. Chimento was to be considered an employee of KDM and the tort suit against KDM was not legally proper.

Thus, the trial court did not err in finding that counsel for both parties had reached an agreement that Mr. Chimento would dismiss KLM and Standard if the supreme court denied the writ in *Perkins*. Therefore, the trial court correctly granted the motion of KDM and Standard to compel dismissal of all of Mr. Chimento's claims in this case with prejudice and at his costs, with a reservation of his right to pursue his workers' compensation claims.

**CONCLUSION**

For the foregoing reasons, the trial court's judgment dated December 22, 2016, is affirmed in its entirety, granting the motion to compel dismissal, assessing all court costs, and dismissing with prejudice all claims in this proceeding made by plaintiff, Jake Chimento, against KDM Electric of Alexandria, LLC, and its insurer The Standard Fire Insurance Company. All costs of this appeal are assessed to the plaintiff, Jake Chimento.

**AFFIRMED.**

JAKE CHIMENTO

VERSUS

KDM ELECTRIC OF ALEXANDRIA, ET AL.


**Savoie, J., concurs and assigns reasons.**

I concur with the majority's decision to affirm the trial court's dismissal of this matter; however, in my opinion, dismissal is proper due to the exclusive jurisdiction granted to the workers' compensation court. *See* La.Const. art. 5, §16.

Appellant's brief focuses solely on whether the parties had agreed to a dismissal in the event the *Perkins*[1] writ was denied. However, the trial court's written reasons do not specifically make such a finding, noting only that certain correspondence relied upon by KDM was "important." Instead, the trial court's judgment of dismissal states, "Plaintiff's claims are actively and appropriately being resolved within the jurisdiction of workers compensation." Appellant does not address the issue of jurisdiction.

While the record before us is somewhat unclear as to whether the trial judge considered KDM's motion for summary judgment, which sought dismissal on jurisdictional grounds, at the same time that it considered KDM's motion to compel dismissal, a court has a duty to examine whether it has subject matter jurisdiction, even if the issue had not been raised by the parties. *Boudreaux v. State, Dept. of Transp. and Development,* 2001-1329 (La. 2/26/02), 815 So.2d 7. On the face of the petition, this matter falls within the exclusive jurisdiction of the workers' compensation court in light of La.Const. art. 5, §16 and the ruling in

---

[1] *Perkins v. Roy O. Martin Lumber, Co., LLC*, 15-571 (La.App. 3 Cir. 4/6/16), 189 So.3d 531, *writ denied*, 16-862 (La. 6/17/16), 192 So.3d 764.

*Perkins*, 189 So.3d 531; therefore, the district court lacks jurisdiction and the issue of the whether the parties had reached an agreement to dismiss this case is moot.