Savoie, J., concurs and assigns reasons. hi concur with the majority’s decision to affirm the trial court’s dismissal of this matter; however, in my opinion, dismissal is proper due to the exclusive jurisdiction granted to the workers’ compensation court. See La.Const. art. 5, § 16. Appellant’s brief focuses solely on whether the parties had agreed to a dismissal in the event the Perkins[1] writ was denied. However, the trial court’s written reasons do not specifically make such a finding, noting only that certain correspondence relied upon by KDM was “important.” Instead, the trial court’s judgment of dismissal states, “Plaintiffs claims are actively and appropriately being resolved within the jurisdiction of workers compensation.” Appellant does not address the issue of jurisdiction. While the record before us is somewhat unclear as to whether the trial judge considered KDM’s motion for summary judgment, which sought dismissal on jurisdictional grounds, at the same time that it considered KDM’s motion to compel dismissal, a court has a duty to examine whether it has subject matter jurisdiction, even if the issue had not been raised by the parties. Boudreaux v. State, Dept. of Transp. and Development, 2001-1329 (La. 2/26/02), 815 So.2d 7. On. the face of the petition, this matter falls within the exclusive jurisdiction of the workers’ compensation court in light of La.Const. art. 5, § 16 and the ruling in 2Perkins, 189 So.3d 531; therefore, the district court lacks jurisdiction, and the issue of the whether the parties had reached an agreement to dismiss this case is moot. . Perkins v. Roy O. Martin Lumber, Co., LLC, 15-571 (La.App. 3 Cir. 4/6/16), 189 So.3d 531, writ denied, 16-862 (La. 6/17/16), 192 So.3d 764.